# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL MORGAN, | Case No. 1:25-cv-01729-SAB |
| Plaintiff, | ORDER SCREENING COMPLAINT AND GRANTING LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| LOBEL FINANCIAL CORP., | (ECF No. 1) |
| Defendant. | **THIRTY-DAY DEADLINE** |

On December 4, 2025, Plaintiff Carl Morgan, who is proceeding *pro se* and *in forma pauperis*, filed a complaint against Lobel Financial Corporation. (ECF No. 1.) On December 9, 2025, the Court granted Plaintiff's application to proceed *in forma pauperis*. (ECF No. 5.) The Court now undertakes screening of the complaint.

**I.**

**SCREENING REQUIREMENT**

The *in forma pauperis* statute provides that a court shall dismiss a case if, *inter alia*, the complaint is "frivolous or malicious," or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the

plaintiff. See id. at 326-27.

Pleadings by *pro se* litigants are liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## COMPLAINT ALLEGATIONS

Plaintiff brings this action against Lobel Financial Corporation and has indicated that the basis for subject-matter jurisdiction is federal question. (ECF No. 1, p. 1.) In his complaint, Plaintiff alleges claims arising under the Fair Credit Reporting Act and contends that "Defendant willfully violated 15 U.S.C. § 1681s-2(b) six times by failing to conduct any reasonable investigation." (Id.) Plaintiff does not provide facts concerning the alleged violation; instead, he states, "(Same facts as before- six separate CFPB disputes listed as Counts 1-6 with Exhibits A-F attached)." In his prayer for relief, Plaintiff prays for: "(a) statutory damages of $1,000 per violation x 6= $6,000; (b) actual damages of $10,000; (c) punitive damages of $50,000; (d) costs and attorney's fees; (e) such other relief as the Court deems proper." (Id. at p. 2.)

## III.

## DISCUSSION

In determining whether a complaint fails to state a claim, a court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P.

1  8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a
2  cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 662
3  (citing Twombly, 550 U.S. at 555). "Sheer possibility that a defendant has acted unlawfully" is
4  not sufficient, and "facts that are merely consistent with a defendant's liability" falls short of
5  satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

6       Here, the Court finds that the complaint does not state any valid claims for relief. The
7  complaint contains no factual allegations beyond vague references to the Fair Credit Reporting
8  Act. Under Rule 8(a) of the Federal Rules of Civil Procedure, it is plaintiff's responsibility to set
9  forth, "a short and plain statement of the claim" showing that he is entitled to relief. While a
10 plaintiff may attach and incorporate exhibits to supplement the allegations, "these attachments
11 cannot take the place of well-pleaded factual allegations that must appear in the body of the
12 complaint." Hurtado v. Walmart Stores, Inc., 2014 WL 7337542, at *6 (E.D. Cal. Dec. 23, 2014).
13 Although the complaint, as currently pleaded, fails to satisfy Rule 8(a), Plaintiff could allege
14 additional facts and thus leave to amend is not futile. Accordingly, the Court will grant Plaintiff an
15 opportunity to file an amended complaint.

**IV.**

**CONCLUSION AND ORDER**

18      For the reasons discussed herein, Plaintiff fails to state any cognizable claims for relief
19 and will be granted leave to file an amended complaint to cure the deficiencies identified in this
20 order, if he believes he can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th
21 Cir. 2000). If Plaintiff chooses to file an amended complaint, that complaint can be brief, Fed.
22 R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of
23 Plaintiff's constitutional rights or violations of state law. Iqbal, 556 U.S. at 678-79. Importantly,
24 the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative
25 level." Twombly, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change
26 the nature of this suit by adding new, unrelated claims in her amended complaint.

27      Finally, Plaintiff is informed that the Court cannot refer to a prior pleading in order to
28 make Plaintiff's amended complaint complete. Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015).

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall send Plaintiff a complaint for civil case form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order;
3. The amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and
4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.</u>

IT IS SO ORDERED.

Dated:   **December 17, 2025**

STANLEY A. BOONE
United States Magistrate Judge