# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL MORGAN,<br><br>       Plaintiff,<br><br>    v.<br><br>LOBEL FINANCIAL CORP.,<br><br>       Defendant. | Case No. 1:25-cv-01729-SAB<br><br>ORDER SCREENING COMPLAINT AND GRANTING LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 7)<br><br>**THIRTY-DAY DEADLINE** |

On December 4, 2025, Plaintiff Carl Morgan, who is proceeding *pro se* and *in forma pauperis*, filed a complaint against Lobel Financial Corporation.  (ECF No. 1.)  The Court previously screened Plaintiff's complaint and found that it failed to state a claim.  (ECF No. 6.) The Court gave Plaintiff leave to amend, and Plaintiff timely filed an amended complaint.  (ECF No. 7.)  The Court now undertakes the screening of the amended complaint.

**I.**

**SCREENING REQUIREMENT**

The *in forma pauperis* statute provides that a court shall dismiss a case if, *inter alia*, the complaint is "frivolous or malicious," or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).  In determining whether a complaint fails to state a claim, a court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ."

Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

To survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are merely consistent with a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Pleadings by *pro se* litigants are liberally construed.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  However, the court need not accept as true—conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.**

**COMPLAINT ALLEGATIONS**

Plaintiff brings this action against Lobel Financial Corporation, alleging violations of the Fair Credit Report Act, 15 U.S.C. § 1681s-2(b).  (ECF No. 7, p. 1.)  In the complaint, Plaintiff alleges that Defendant furnished information regarding two debts purportedly owed by Plaintiff, one of which was later rendered uncollectible.  (Id. at p. 2.)  Plaintiff further alleges that between April 19, 2025 and October 21 2025, he submitted six disputes to the Consumer Financial Protection Bureau ("CFPB"), each requesting that Defendant issue a Form 1099-C with respect to the allegedly uncollectible debt.  (Id.)  Plaintiff alleges that after the CFPB forwarded the disputes to Defendant for investigation, Defendant "willfully failed to conduct any reasonable investigation, as evidenced by the CFPB closing each complaint as 'duplicate' within 48 hours without any response from Defendant or evidence of review, and without issuing the requested Form 1099-C."  (Id.)  In his prayer for relief, Plaintiff prays for: "(a) statutory damages of $1,000

per violation x 6= $6,000; (b) actual damages of $10,000; (c) punitive damages of $50,000; (d) costs and attorney's fees; [and] (e) such other relief as the Court deems proper." (Id. at p. 4.)

### III.

### DISCUSSION

Plaintiff's allegation that Defendant failed to properly investigate his dispute fails to state a claim under the Fair Credit Reporting Act ("FCRA") because Plaintiff does not allege that a consumer reporting agency ("CRA") notified Defendant of the dispute.

To state a claim for section 1681s-2(b), Plaintiff must allege that: "(1) Defendant is a furnisher'; (2) Plaintiff notified the CRA that Plaintiff disputed the reporting as inaccurate; (3) the CRA notified the furnisher of the alleged inaccurate information of the dispute; (4) the reporting was in fact inaccurate; and (5) Defendant failed to conduct the investigation required by § 1681s-2(b)(1)." Robbins v. CitiMortgage, Inc., No. 16-cv-04732-LHK, 2017 WL 6513662, at *5 (N.D. Cal. Dec. 20, 2017).

Here, Plaintiff's complaint contains no allegation that he disputed his debts with Equifax, Experian, TransUnion, or any other consumer reporting agency. Although Plaintiff alleges that he filed claims with the CFPB, the CFPB is not a consumer reporting agency within the meaning of the FCRA. See Mohamed v. Navy Fed. Credit Union, No. 25-cv-04174-RS, 2025 WL 2337124, at *2 (N.D. Cal. Aug. 12, 2025) (finding that disputes or complaints to the CFPB are insufficient under § 1681s-2(b)); Smith v. Cap. One Bank (USA), No. C21-5867RSL, 2022 WL 2952410, at *2 (W.D. Wash. July 26, 2022) (same); Highley v. Newrez, LLC, No. 3:22-cv-01474-IM, 2023 WL 2968240, at *4 (D. Or. Apr. 17, 2023) (same). A furnisher's duty under section 1681s-2(b) "arise[s] only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under [the statute.]" Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009). Because Plaintiff does not allege that a consumer reporting agency notified Defendant of a dispute, Plaintiff fails to state a claim.

/ / /

/ / /

## IV.

## CONCLUSION AND ORDER

For the reasons discussed herein, Plaintiff fails to state a cognizable claim for relief and will be granted leave to file an amended complaint to cure the deficiencies identified in this order, if he believes he can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). If Plaintiff chooses to file an amended complaint, that complaint can be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights or violations of state law. Iqbal, 556 U.S. at 678-79. Importantly, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.

Finally, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015).

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      The Clerk of the Court shall send Plaintiff a complaint for civil case form;

2.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order;

3.      The amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and

/ / /

/ / /

/ / /

/ / /

/ / /

4.    If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated:    **June 4, 2026**

STANLEY A. BOONE
United States Magistrate Judge