# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL MORGAN, | Case No. 1:25-cv-01729-SAB |
| Plaintiff, | ORDER DIRECTING THE CLERK OF COURT TO RANDOMLY ASSIGN THIS MATTER TO A DISTRICT JUDGE |
| v. | |
| LOBEL FINANCIAL CORP., | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION |
| Defendant. | |
| | (ECF No. 8) |
| | **OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

Carl Morgan ("Plaintiff"), who is proceeding *pro se* filed this action on December 4, 2025. (ECF No. 1.) The Court screened the complaint and found that it failed to state a claim upon which relief may be granted. (ECF No. 6.) The Court gave Plaintiff leave to amend, and Plaintiff timely filed an amended complaint. (ECF No. 7.) Upon review of the second amended complaint, the Court similarly found that it failed to state a claim. (ECF No. 8.) The Court gave Plaintiff thirty-days to file an amended complaint to cure the identified deficiencies. (Id.) In its order, Plaintiff was advised that, "[i]f Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order." (Id.) The deadline for Plaintiff to file an amended complaint has now passed, and thus, the Court will recommend that this matter be

1

dismissed for failure to state a claim, failure to comply with a court order, and failure to prosecute.

## I.

## SCREENING REQUIREMENT

The *in forma pauperis* statute provides that a court shall dismiss a case if, *inter alia*, the complaint is "frivolous or malicious," or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).  In determining whether a complaint fails to state a claim, a court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2).  Detail factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

To survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

A *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment.  Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## COMPLAINT ALLEGATIONS

Plaintiff brings this action against Lobel Financial Corporation, alleging violations of the Fair Credit Report Act, 15 U.S.C. § 1681s-2(b).  (ECF No. 7, p. 1.)  In the complaint, Plaintiff alleges that Defendant furnished information regarding two debts purportedly owed by Plaintiff, one of which was later rendered uncollectible.  (Id. at p. 2.)  Plaintiff further alleges that between

April 19, 2025 and October 21 2025, he submitted six disputes to the Consumer Financial Protection Bureau ("CFPB"), each requesting that Defendant issue a Form 1099-C with respect to the allegedly uncollectible debt. (Id.) Plaintiff alleges that after the CFPB forwarded the disputes to Defendant for investigation, Defendant "willfully failed to conduct any reasonable investigation, as evidenced by the CFPB closing each complaint as 'duplicate' within 48 hours without any response from Defendant or evidence of review, and without issuing the requested Form 1099-C." (Id.) In his prayer for relief, Plaintiff prays for: "(a) statutory damages of $1,000 per violation x 6= $6,000; (b) actual damages of $10,000; (c) punitive damages of $50,000; (d) costs and attorney's fees; [and] (e) such other relief as the Court deems proper." (Id. at p. 4.)

### III.

### DISCUSSION

The Court reiterates that Plaintiff's allegation that Defendant failed to properly investigate his dispute fails to state a claim under the Fair Credit Reporting Act ("FCRA") because Plaintiff does not allege that a consumer reporting agency ("CRA") notified Defendant of the dispute.

To state a claim for section 1681s-2(b), Plaintiff must allege that: "(1) Defendant is a furnisher'; (2) Plaintiff notified the CRA that Plaintiff disputed the reporting as inaccurate; (3) the CRA notified the furnisher of the alleged inaccurate information of the dispute; (4) the reporting was in fact inaccurate; and (5) Defendant failed to conduct the investigation required by § 1681s-2(b)(1)." Robbins v. CitiMortgage, Inc., No. 16-cv-04732-LHK, 2017 WL 6513662, at *5 (N.D. Cal. Dec. 20, 2017).

As previously found, Plaintiff's complaint contains no allegation that he disputed his debts with Equifax, Experian, TransUnion, or any other consumer reporting agency. Although Plaintiff alleges that he filed claims with the CFPB, the CFPB is not a consumer reporting agency within the meaning of the FCRA. See Mohamed v. Navy Fed. Credit Union, No. 25-cv-04174-RS, 2025 WL 2337124, at *2 (N.D. Cal. Aug. 12, 2025) (finding that disputes or complaints to the CFPB are insufficient under § 1681s-2(b)); Smith v. Cap. One Bank (USA), No. C21-5867RSL, 2022 WL 2952410, at *2 (W.D. Wash. July 26, 2022) (same; Highley v.

Newrez, LLC, No. 3:22-cv-01474-IM, 2023 WL 2968240, at *4 (D. Or. Apr. 17, 2023) (same). A furnisher's duty under section 1681s-2(b) "arise[s] only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under [the statute.]" Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009). While the Court must construe *pro se* pleadings liberally and draw all reasonable inferences in Plaintiff's favor, it cannot construct a claim where none has been plausibly alleged, and without sufficient factual allegations, the complaint fails to state a claim upon which relief may be granted.

## IV.

## FAILURE TO PROSECUTE

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles Cty., 216 F.3d 837, 841 (9th Cir. 2000); Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, the Court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Upon review of the above-stated factors, the Court finds dismissal of the action is warranted. The expeditious resolution of litigation is deemed to be in the public interest. Yourish v. California Amplifer, 1911 F.3d 983, 990-91 (9th Cir. 1999). Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated. Plaintiff's failure to respond to the Court's June 4, 2026 order hinders the Court's ability to move this action towards disposition and indicates that Plaintiff does not intend to diligently litigate this action. This lack of diligence results in delay, which inherently risks that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. See Sibron v. New York, 392 U.S. 40, 57 (1968). Although the public policy favoring disposition on the merits weighs against dismissal, it is outweighed by the other factors. Finally, the Court will recommend dismissal without prejudice, which addresses the fifth factor.

**V.**

**ORDER AND RECOMMENDATION**

IT IS HEREBY ORDERED that the Clerk of the Court be DIRECTED to randomly assign this matter to a district judge.

For the reasons set forth above, it is HEREBY RECOMMENDED that this action be DISMISSED without prejudice for failure to state claim, failure to prosecute this action and/or failure to comply with the Court's order.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court, limited to 15 pages in length, including exhibits. Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations."    The district judge will review the undersigned's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **July 10, 2026**                                        

STANLEY A. BOONE
United States Magistrate Judge

6